**In re MILFORD GROUP, INC., Debtor–In–Possession.**

**MILFORD GROUP, INC., Movant,**

**v.**

**CONCRETE STEP UNITS, INC., General Electric Major Appliances, Lehigh Concrete Plumbing Service, Ambassador Glass & Window Co., Sidney Krawitz, Kathryn S. Stibbs, Theodore McGann, Jr., Pa. Dept. of Revenue, Ann and Jim Kelly d/b/a Kellygreen of Pa., Northeastern Bank of Pa., Ralph Miller, et al. and Samall Associates, Inc., Respondents.**

**Bankruptcy No. 5–91–00024.**

United States Bankruptcy Court, M.D. Pennsylvania.

July 16, 1992.

Supplemental Order July 21, 1992.

Joseph Solfanelli, Scranton, PA, Lee Krause, Honesdale, PA, for debtor/movant.

Steven Roth, Wilkes–Barre, PA, for Sidney Krawitz, respondent.

Stephen Bresset, Honesdale, PA, for Lester Lieberman, Ralph Miller, Richard Miller & ILM, respondents.

Howard Rothenberg, Scranton, PA, for ILM–Miller, respondents.

Robert N. Opel, II, Kingston, PA, John J. Schneider, Milford, PA, Ellen McDowell, Philadelphia, PA, for Samall Assoc., respondent.

## MEMORANDUM AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

This matter is before the Court on the Debtor's Motion for Free and Clear Sale, which Motion has been supported by secured creditors Sidney Krawitz, Kathryn S. Stibbs and Theodore McGann, Jr., ("Krawitz, et al.") and opposed by secured creditors, Samall Associates, Inc. ("Samall") and ILM Corporation and Ralph Miller ("Miller Group").

The Court heard four (4) days of testimony in this hotly contested matter, which hearing concluded on July 13, 1992.

Because the buyer has set a deadline of July 31, 1992 to complete the sale and because the Movant requires the Court's determination on or before July 19, 1992, the Court will attempt to succinctly address the issues in explaining its determination.

The Milford Group, Inc. is attempting to sell a 15.49 acre parcel of property to a department store chain known as Wal–Mart, Inc. ("Wal–Mart") for the face amount of Nine Hundred Twenty–Nine Thousand Four Hundred Dollars ($929,-400.00) under the terms of an Agreement of Sale executed June 26, 1992. This parcel is less than one-third (⅓) of the usable contiguous real estate of the Debtor.

Wal–Mart, through its counsel, and by the terms of the Agreement, has set a deadline of July 31, 1992 for closing on the property.

The Court heard testimony from three (3) appraisers who had contrasting views of the valuation of the land and the impact of a Wal–Mart on the remaining property of the Debtor–in–Possession. The Debtor–in–Possession has indicated that an Amended Disclosure Statement is pending before the Court, which Amended Disclosure Statement and Plan center around the sale of the 15.49 acre parcel to Wal–Mart.

Samall and the Miller Group base their objections to the sale of property on seven (7) issues.

1. The sale of substantially all of the Debtor's property should not take place outside of the protection of a Disclosure Statement and confirmed Plan.

2. The sale is not in good faith.

3. There is no business justification for the sale.

4. The sale is not in the best interests of the estate.

5. The sale is not for a fair and reasonable consideration.

6. The requirements of 11 U.S.C. § 363(f) have not been met, which would allow a free and clear sale.

7. The sale would not allow the creditors' interests to be adequately protected.

In accordance with the applicable cases interpreting 11 U.S.C. § 363, this Court finds as a fact that the *purchaser*, Wal-Mart, Inc., has negotiated this contract in good faith and for fair value. This Court notes that even the appraiser hired by the Miller Group valued the property at Sixty Thousand Dollars ($60,000.00) per acre, which would allow this Court to conclude that the sale is for a reasonable amount.

This Court further concludes that time is of the essence in that Wal-Mart, although contractually having some flexibility with the July 31, 1992 closing deadline, is truly intent on concluding this sale by that date or considering rescission of the contract.

The Court further finds that the value of the Wal-Mart tract represents less than fifty percent (50%) of the value of the entire tract. Additionally, the liquidation of the Wal-Mart tract is consistent with the proposed Disclosure Statement and Plan of Reorganization recently filed with the Court. Because the remaining parcel of property owned by the Debtor-in-Possession primarily contemplates the erection of townhouses and consistent commercial enterprises, the conflicting testimony as to whether the Wal-Mart sale will enhance or detract from the value of the premises as a whole is resolved by this Court by concluding that the current depressed state of the market for residential dwellings makes the original development plan unrealistic, and therefore, the contemplated commercial development of the Wal-Mart parcel will enhance the possibilities of a successful Plan of Reorganization.

Admittedly, the Court's primary concern, at this juncture, is whether the requirements of 11 U.S.C. § 363(f) have been met by the Movant which would allow this Court to execute an Order allowing the free and clear sale of the parcel.

■ The Debtor and Krawitz, et al., appeared to rely on the allegation that this Court is in the position to authorize a free and clear sale of property based on the provisions of 11 U.S.C. § 363(f)(3) and (4).

11 U.S.C. § 363(f)(3) authorizes a sale by the Debtor free and clear of liens and encumbrances where the sale price "is greater than the aggregate value of all liens on such property".

■ The two (2) contrasting views as to what is required under this subsection are set forth in *In re Terrace Gardens Park Partnership*, 96 B.R. 707 (Bkrtcy.W.D.Texas, 1989) at page 712. In short, some Courts have held that a sale must yield more than the aggregate value of all debts against the property and other Courts have held that the sale price need only exceed the value of the property using the interpretation set forth for value in 11 U.S.C. § 506(a). This Court agrees with *In re Terrace Gardens Park Partnership*, which interprets the phrase "value of all liens" to mean the value of the collateral. Since the value of the collateral in this case is found by the Court to be Nine Hundred Twenty-Nine Thousand Four Hundred Dollars ($929,400.00), then accordingly, the liens against that collateral must have a "value" of something less than that number when adjusting for the expenses of liquidation.

Additionally, the Debtor relies on 11 U.S.C. § 363(f)(4) to request authority from this Court to allow the sale free and clear. 11 U.S.C. § 363(f)(4) requires a finding that the interest must be in "bona fide dispute". Although the term "bona fide dispute" is not defined by the Bankruptcy Code, a bona fide dispute has been defined by *In re Atwood*, 124 B.R. 402 (Bkrtcy.S.D.GA, 1991) as a "genuine issue of material fact that bears upon the Debtor's liability, or meritorious contention as to the application of law to undisputed facts". Additionally, this Court need not resolve the dispute, but

must determine whether the issues presented are genuine.

The testimony presented by the Debtor as to the existence of a "bona fide dispute" regarding the Samall claim and the Miller group claim was sufficient to allow this Court to make such a finding of the existence of such bona fide dispute. Additionally, relative to the Samall claim, it is undisputed that that claim, in the face amount of approximately $1.5 million dollars, was assigned to Samall for a total consideration of approximately Five Hundred Thousand Dollars ($500,000.00), which is an indication of the degree of collectibility envisioned by the parties negotiating that assignment.

Accordingly, this Court finds that the Debtor has met its burden in establishing cause for this Court to allow the sale of the parcel identified in the Agreement of Sale dated June 26, 1992 to the purchasers under the Agreement, free and clear of liens, provided that such sale is concluded within ninety (90) days of the date hereof.

### SUPPLEMENTAL ORDER

AT WILKES–BARRE IN SAID DISTRICT, after due consideration of the Motion of Samall Associates, Inc. for Relief from Order, it is hereby

ORDERED that this Court's Order of July 16, 1992 is amended; and

FURTHER ORDERED that the proceeds from the authorized sale of real estate shall be deposited in an interest bearing account with any liens against the subject real estate attaching to such proceeds; and

FURTHER ORDERED that such proceeds shall not be distributed pending further Order of this Court.